IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Ovidio Coxolca, and<br>All Others Similarly Situated,<br>        Plaintiffs,<br><br>v.<br><br>SAZ Business, LLC; Sunshine Mart, Inc.;<br>Bellfort6920, LLC; Deedar Noor Ali; and<br>Sharif Rahim Ali,<br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action<br>File No. 4:24-cv-<br><br>Jury Demanded |

**PLAINTIFF'S ORIGINAL CLASS COMPLAINT**

NOW COMES Ovidio Coxolca ("Plaintiff" or "Mr. Coxolca"), and all others similarly situated, and complain of Defendants 1) SAZ Business, LLC; 2) Sunshine Mart, Inc.; 3) Bellfort6920, LLC; 4) Deedar Noor Ali; and 5) Sharif Rahim Ali ("Defendants"). For cause of action, Mr. Coxolca would respectfully show the following:

**I.**
**INTRODUCTION AND SUMMARY OF SUIT**

1. Plaintiff and Members of the Plaintiff Class file this collective action suit under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), seeking to recover unpaid wages, including overtime wages, from the Defendants.

2. The Defendants collectively own and operate gasoline stations with convenience stores and gambling operations on their premises, located in Houston, Texas and surrounding areas (the "Gas Stations").

3. Defendants failed to pay Mr. Coxolca and Members of the Plaintiff Class their wages, including overtime wages, in violation of the FLSA. Plaintiff and Members of the Plaintiff Class routinely worked in excess of 40 hours a week at Defendants' request, yet did not receive overtime wages as the FLSA requires. *See* 29 U.S.C. § 207(a).

1

4. Additionally, Defendants required Plaintiff and Members of the Plaintiff Class to routinely work some hours each week off-the-clock, and Defendants failed to pay any wages for these hours. Under a uniform and pervasive enterprise-wide policy, the Defendants require their employees to work off-the-clock hours and overtime hours without paying the full wages owed.

5. Thus, this action seeks equitable relief, compensatory and liquidated damages, attorney's fees, all costs of the action, and post-judgment interest for Defendants' willful failure to pay overtime wages to Plaintiff and to Members of the Plaintiff Class.

## II.
### SUBJECT MATTER JURISDICTION AND VENUE

6. Plaintiff files suit pursuant to the FLSA, a federal statute. 28 U.S.C. §1331.

7. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

## III.
### PARTIES AND PERSONAL JURISDICTION

8. Plaintiff, **Ovidio Coxolca**, is a resident of Harris County, Texas. Plaintiff was an hourly employee who worked at several of Defendants' Gas Stations.

9. **Members of the "Plaintiff Class"** are current and former non-exempt employees of Defendants who work, or worked, at one or more Gas Station(s) during the relevant period.

10. Defendant, **SAZ Business, LLC,** is a Texas limited liability company that may be served with summons and complaint by serving its duly appointed registered agent, Defendant Sharif Rahim Ali, at the "Airport Express" station located at 8600 Broadway Street, Houston, Texas 77061, or at any other address where he may be found. This Defendant has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiff and Members of the Plaintiff Class. Further, this Defendant is engaged in business in the State of Texas.

11. Defendant, **Sunshine Mart, Inc.,** is a Texas corporation that may be served with summons and complaint by serving its duly appointed registered agent, Mr. Zulfikar Vanazara, at

2

the Conoco station located at 8320 Gulf Freeway, Houston, Texas 77017, or at any other address where he may be found. This Defendant has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiff and Members of the Plaintiff Class. Further, this Defendant is engaged in business in the State of Texas.

12. Defendant, **Bellfort6920, LLC,** is a Texas limited liability company that may be served with summons and complaint by serving its duly appointed registered agent, Defendant Deedar Noor Ali, at the Shell station located at 6920 Bellfort Street, Houston, Texas 77087, or at any other address where he may be found. This Defendant has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiff and Members of the Plaintiff Class. Further, this Defendant is engaged in business in the State of Texas.

13. Defendant, **Deedar Noor Ali**, is an individual who may be served with summons and complaint at his place of business, the Shell station located at 6920 Bellfort Street, Houston, Texas 77087, or at any other address where he may be found. This Defendant, along with the other named individual Defendant, owns, controls and operates an enterprise that owns, or has owned, one or more business establishments engaged in interstate commerce or in the production of goods for interstate commerce, including but not limited to the business establishments owned and operated by the named legal entity Defendants.  As an 'employer', Defendant Deedar Noor Ali is personally liable to Plaintiff and to Members of the Plaintiff Class for all violations of the FLSA.

14. Defendant, **Sharif Rahim Ali**, is an individual who may be served with summons and complaint at his place of business, the "Airport Express" station located at 8600 Broadway Street, Houston, Texas 77061, or at any other address where he may be found. This Defendant, along with the other named individual Defendant, owns, controls and operates an enterprise that owns, or has owned, one or more business establishments engaged in interstate commerce or in the production of goods for interstate commerce, including but not limited to the business

3

establishments owned and operated by the named legal entity Defendants. As an 'employer', Defendant Sharif Rahim Ali is personally liable to Plaintiff and to Members of the Plaintiff Class for all violations of the FLSA.

15. Whenever this complaint alleges that one or more Defendant committed any act or omission, it means that such act or omission was not only committed individually or jointly by Defendants, but also by Defendants' officers, directors, agents, servants, or employees, and at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of Defendants' officers, directors, agents, servants, or employees.

## IV.
## FLSA COVERAGE

16. Plaintiff alleges a willful violation of the FLSA, and as such, the "relevant period" or "class period" is the time-period beginning on the date that is three years prior to the filing date of this civil action (October 1, 2024), and continuing thereafter until time of trial and judgment.

17. By alleging a willful violation of the FLSA, Plaintiff invokes the liquidated damages provision of 29 U.S.C. § 216(b).

18. During the relevant period, each Defendant was Mr. Coxolca's "employer" under 29 U.S.C. § 203(d).

19. During the relevant period, Mr. Coxolca and each Member of the Plaintiff Class was an "employee" under 29 U.S.C. § 203(e), and in particular, an "employee" of each Defendant.

20. During the relevant period, Defendants and their Gas Stations were an "enterprise". 29 U.S.C. § 203(r) and 29 U.S.C. § 203(s)(1)(A).

21. During the relevant period, the Defendants collectively comprised an "enterprise engaged in commerce" and/or an enterprise engaged in the "production of goods for commerce" because they had employees, including Mr. Coxolca, engaged in commerce and in the production

of goods for commerce. 29 U.S.C. § 203(s)(1).

22. For each year encompassing some or all of the relevant period, Defendants generated the annual gross business volume in excess of the statutory standard.

23. Mr. Coxolca was engaged in the "production of goods" because he was employed in "producing, manufacturing, mining, **handling**, or transporting goods, or in any other manner worked on goods or any closely related process or occupation directly essential to the production of goods." [emphasis supplied] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS (Civil Cases) §11.24(B) (2020). Thus, for the relevant period, Mr. Coxolca meets the FLSA's individual coverage requirement because he was engaged in the 'production of goods', which entails, among other methods, the 'handling' of goods that travelled from out of state into Texas. See, *Brennan v. Greene's Propane Gas Service*, 479 F.2d 1027, 1030 (5th Cir. 1973).

24. Additionally, Defendants had employees, in addition to Mr. Coxolca, who were handling, selling, or otherwise working on goods or materials that had been handled, moved in or produced for commerce, which were used directly in furtherance of Defendants' commercial activities at the Gas Stations.

25. The Defendants were engaged in commerce or in the production of goods for commerce because they had employees during the relevant period who were engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207.

26. Further, during the relevant period, Defendants and their Gas Stations were an integrated enterprise, in that "[s]uperficially distinct entities may be exposed to liability upon a finding that they represent a single, integrated enterprise: a single employer". *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983).

## V.
### COLLECTIVE ACTION ALLEGATIONS

27. Mr. Coxolca seeks class certification pursuant to 29 U.S.C. § 216(b), and the Fifth Circuit's standard in *Swales v. KLLM Transport Services, Inc.*, 985 F.3d 430 (5th Cir. 2021).

28. Mr. Coxolca seeks notice to issue to all non-exempt employees of the Defendants who together were victims of Defendants' widespread and identical violations of the FLSA.

29. Mr. Coxolca worked overtime hours for which he received no overtime wages.

30. Additionally, Mr. Coxolca did not receive any wages for the hours Defendants required him to work off-the-clock.

31. Similarly, each Member of the Plaintiff Class worked overtime hours for which he or she received no overtime wages. Further, these individuals did not receive any wages for hours they worked off-the-clock.

32. Defendants' wide-spread policies violated the FLSA by allowing them to avoid payment of their non-exempt employees' overtime hours at the required premium overtime pay rate at time-and-one-half of the employee's base hourly rate. *See* 29 U.S.C. §207(a)(1).

33. Likewise, Defendants' wide-spread policies violated the FLSA by allowing them to avoid payment of their employees' straight-time and overtime hours for all hours worked off-the-clock. *See* 29 U.S.C. §207(a)(1) and 29 U.S.C. §206(a)(1).

34. By failing to properly document the overtime hours and the related wages owed to Plaintiff and to each Member of the Plaintiff Class, the Defendants committed repeated and willful violations of the recordkeeping requirements of the FLSA (29 U.S.C. §211(c); 29 C.F.R. §516. 29; and C.F.R. §516.27).

35. During the class period, the Defendants owned, controlled and operated the Gas Stations, and they implemented the illegal pay policies across their enterprise shared by all of their businesses.

36. Defendants' uniform policy of paying their employees' overtime hours worked with straight-time hourly rates is *prima facie* evidence of "some identifiable facts or legal nexus [that] bind the claims so that hearing the cases together promotes judicial efficiency." *McKnight v. D. Hous., Inc.*, 756 F. Supp. 2d 794, 801 (S.D. Tex. 2010) (Rosenthal, J.).

37. Similarly, Defendants uniform policy of failing to pay their employees' wages for off-the-clock hours worked is *prima facie* evidence of "some identifiable facts or legal nexus [that] bind the claims so that hearing the cases together promotes judicial efficiency." *McKnight v. D. Hous., Inc.*, 756 F. Supp. 2d 794, 801 (S.D. Tex. 2010) (Rosenthal, J.).

38. Plaintiff and Members of the Plaintiff Class are, and were, victimized by Defendants' ill-conceived patterns, practices, and policies in continuing violation of the FLSA.

39. Plaintiff's experience was typical of the experiences of Members of the Plaintiff Class as it pertains to unpaid overtime and unpaid off-the-clock wages; and, the specific job titles or job requirements of the various members of the Plaintiff Class do not prevent collective treatment because of said legal nexus binding them together as a class.

40. By working at several Gas Stations, Mr. Coxolca acquired first-hand knowledge of other non-exempt employees not receiving their overtime wages or their wages for off-the-clock hours worked.

41. Further, although the amount of damages may vary among Members of the Plaintiff Class, there remains no detraction from the common nucleus of liability facts rendering this matter appropriate as a collective action pursuant to 29 U.S.C. § 216(b), and pursuant to the comprehensive standard set forth by the Fifth Circuit in *Swales v. KLLM Transport Services, Inc.*, 985 F.3d 430 (5th Cir. 2021).

42. Each current and former non-exempt employee to whom the Defendants denied overtime compensation during one or more workweek of his or her respective employment is

similarly situated to Plaintiff and is thus an appropriate member of the Plaintiff Class.

43. Additionally, each current and former non-exempt employee to whom the Defendants denied any wages for off-the-clock work is similarly situated to Plaintiff and is thus an appropriate member of the Plaintiff Class.

44. Plaintiff seeks to represent the following class pursuant to 29 U.S.C. § 216(b): <u>All current and former non-exempt employees of all Gas Stations (a) who were paid at a straight-time hourly rate for hours worked in excess of forty (40) in any workweek during the relevant period, and/or (b) who worked off-the-clock hours without receiving wages for such hours worked</u>.

45. Individuals who opt into the collective action will be added to the litigation, and copies of their written consents to join a collective action will be filed with the Court.

## VI.
### FACTS

46. The Defendants collectively own and operate gasoline stations with convenience stores and gambling operations on their premises, located in Houston, Texas and surrounding areas (the "Gas Stations").

*Mr. Coxolca's employment with the Defendants*.

47. From 2016 until October 31, 2023, the Defendants employed Mr. Coxolca at several Gas Stations, as follows:

   i) An unbranded gasoline station, convenience store and gambling operation doing business as "Airport Express", located at 8600 Broadway Street, Houston, Texas 77061;

   ii) A Conoco branded gasoline station, convenience store and gambling operation doing business as "Sunshine Food Mart #1", located at 8320 Gulf Freeway, Houston, Texas 77017; and,

   iii) A Shell branded gasoline station, convenience store and gambling operation doing business as "Bellfort Shell", located at 6920 Bellfort Street, Houston, Texas 77087.

48. Mr. Coxolca's job duties during his employment at the above Gas Stations included operating the cash register, assisting customers with their purchases of gasoline and other items from their convenience store, assisting customers with the electronic gaming machines located at the Gas Stations, and general upkeep of the premises.

49. The Defendants hired Mr. Coxolca as a non-exempt employee at $15.00 per hour.

50. Defendants paid Mr. Coxolca's partly by check, and partly with cash.

51. Mr. Coxolca typically worked 80 hours a week, but was only paid for the first 60 hours at $15.00 per hour.

52. Mr. Coxolca did not receive any wages (straight-time or overtime) for the weekly hours he worked in excess of 60 each week.

53. Further, the Defendants failed to record a portion of Mr. Coxolca's 80 weekly hours worked, resulting in off-the-clock hours that went unpaid, and remain unpaid.

*Employment of Members of the Plaintiff Class with the Defendants*.

54. All Members of the Plaintiff Class seeking to join the collective action were not paid their overtime wages because of Defendants' wide-spread policy of paying these overtime hours with straight-time hourly wages.

55. Defendants also failed to pay Members of the Plaintiff Class wages for hours they were required to work off-the-clock.

56. Defendants controlled all terms and conditions of employment, including decisions to pay some, but not all, wages due (i.e., non-payment of overtime wages and off-the-clock work); decisions to have employees work off-the-clock; decisions pertaining to each employee's hourly pay rate and the number of hours each employee worked during each workweek; and, the operation and management of the Gas Stations where Plaintiff and Members of the Plaintiff Class worked.

57. Collectively, the Defendants own(ed), control(led) and/or operate(d) the business establishments where Plaintiff and Members of the Plaintiff Class worked, and Defendants had authority over the day-to-day operations of these businesses.

## VII.
### CAUSE OF ACTION AND DAMAGES SOUGHT

<u>Violations of the FLSA (unpaid straight-time and overtime wages)</u>

58. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

59. Plaintiff and Members of the Plaintiff Class are non-exempt employees – that is, they are entitled to receive overtime wages pursuant to the FLSA for all hours they worked in excess of 40 during each seven-day workweek.

60. During their employment with the Defendants, Plaintiff and Members of the Plaintiff Class worked overtime hours on a weekly basis at the request of their employer without receiving overtime pay for these overtime hours.

61. Defendants' practice of not paying overtime wages to Plaintiff and to Members of the Plaintiff Class violates the FLSA. See, 29 U.S.C. § 207.

62. Further, Defendants' practice of not paying Plaintiff and Members of the Plaintiff Class their wages for off-the-clock hours worked violates the FLSA. See, 29 U.S.C. §§ 206, 207.

63. Because Defendants have a wide-spread policy and practice of not paying employees' overtime and off-the-clock wages, the Defendants and the businesses they controlled committed repeated, continuing, and willful violations of 29 U.S.C. § 201, *et seq*. Defendants knowingly committed these violations of the FLSA.

64. Plaintiff and Members of the Plaintiff Class now sue for all unpaid overtime wages and unpaid off-the-clock wages falling within the relevant period.

65. Plaintiff and Members of the Plaintiff Class also seek, from the Court, liquidated damages in amounts equaling all of their unpaid wages awarded by the jury.

66. Plaintiff and Members of the Plaintiff Class seek attorney's fees and costs for bringing this action pursuant to the FLSA. 29 U.S.C. §216(b) requires that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

67. Plaintiff and Members of the Plaintiff Class seek post-judgment interest at the highest rate allowed by law, assessed upon all damages, including attorney's fees and costs.

## VIII.
### JURY DEMAND

68. Plaintiff and Members of the Plaintiff Class demand a jury trial.

## IX.
### PRAYER FOR RELIEF

FOR THESE REASONS, Plaintiff Ovidio Coxolca and Members of the Plaintiff Class respectfully request that upon final hearing the Honorable Court grant relief and enter final judgment, jointly and severally, against Defendants 1) SAZ Business, LLC; 2) Sunshine Mart, Inc.; 3) Bellfort6920, LLC; 4) Deedar Noor Ali; and 5) Sharif Rahim Ali, as follows:

a. In accordance with 29 U.S.C. §216(b), authorize issuance of notice to all individuals within the class set forth in Paragraph 44, informing them of their right to participate in this lawsuit and claim their unpaid overtime and straight-time wages;

b. Declare the Defendants violated 29 U.S.C. § 207 by failing to pay Plaintiff and Members of the Plaintiff Class their overtime wages;

c. Declare the Defendants violated 29 U.S.C. §§ 206 and 207 by failing to pay Plaintiff and Members of the Plaintiff Class all wages for hours worked off-the-clock;

d. Declare the Defendants' violations of the FLSA are willful;

e. Order Defendants to pay all overtime wages owed to Plaintiff and to Members of the Plaintiff Class;

f.  Order Defendants to pay all wages owed to Plaintiff and to Members of the Plaintiff Class resulting from Defendants' requirement to have their employees work off-the-clock without any pay;

g.  In accordance with 29 U.S.C. §216(b), order Defendants to pay liquidated damages to Plaintiff and to Members of the Plaintiff Class in an amount equaling all unpaid wages;

h.  In accordance with 29 U.S.C. §216(b), order the Defendants to pay reasonable attorney's fees and costs that Plaintiff and Members of the Plaintiff Class necessarily incurred prosecuting this civil action;

i.  Order Defendants to pay post-judgment interest at the highest lawful rate for all amounts assessed against the Defendants, including attorney fees and costs; and,

j.  Order all other necessary relief, whether legal, equitable or injunctive, to effectuate the remedial purpose and directives of the FLSA as determined by the United States Congress.

Respectfully submitted,

**ALI S. AHMED, P.C.**

By: */s/ Salar Ali Ahmed*
**Salar Ali Ahmed**
Federal Id. No. 32323
State Bar No. 24000342
430 W. Bell Street
Houston, Texas 77019
Telephone: (713) 898-0982
Email: aahmedlaw@gmail.com

**Attorney for Ovidio Coxolca,
and Members of the Plaintiff Class**